## UNITED STATES v. MAYER et al.

(Circuit Court, S. D. New York.　February 6, 1895.)

### No. 1,878.

CUSTOMS DUTIES—CLASSIFICATION—GRAPES IN BARRELS—CORK DUST AND SAW DUST.

　　Certain grapes were imported from Spain in barrels of about two cubic feet capacity each. Duty was assessed upon them by the collector of customs at the port of New York at "60 cents per barrel of three cubic feet capacity, or fractional part thereof," under paragraph 299 of the tariff act of October 1, 1890, without any allowance for the cork dust and saw dust, which constituted nearly one-half of the cubical contents of the barrels. The importers protested that they should be allowed for the cork dust, saw dust, and other tare, under said paragraph 299, or that the grapes were duty free, under the provision for "Fruits, green, ripe or dried, n. o. p. f.," in paragraph 580 of the free list of the same tariff act. The board of general appraisers took evidence showing the quantity of cork and other dust contained in the barrels; also, that these latter were the ordinary, average barrels of grapes, and that such grapes are always sold in this market by the barrel, in the condition as imported, and that the weights on the trade catalogues include barrel, cork dust, and grapes. The board of general appraisers decided that the "barrel" applies to the standard of measurement, and not to the form of the package, and that, if the grapes are dutiable by cubic measure, then tare must be allowed for packing material beyond that which occupies the interstices between the grapes or bunches. By measuring the grapes, a correct estimate of their cubic measurement may be obtained. The board cited and relied upon the case Lead Co. v. Seeberger, 44 Fed. 258, and sustained the importers' protest that an allowance for the cork and saw dust should be made. *Held*, that the conclusion reached by the board of general appraisers was correct, and that the collector was not authorized to take duty upon the cork dust and saw dust.

At Law. Appeal by United States from decision of board of general appraisers reversing the action of the collector in assessing duty on certain Malaga grapes. Affirmed.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

W. Wickham Smith (of Currie, Smith & Mackie), for appellees.

COXE, District Judge (orally). The respondents in this cause are dealers in fruit. They imported into this country Malaga grapes, which were assessed for duty by the collector under paragraph 299 of the tariff act of October 1, 1890, taking duty not only upon the grapes but also upon the saw dust and cork dust in which they were packed. The importers protested, insisting that they were entitled to a deduction for tare by reason of the cork dust and saw dust. The practical question presented to the court is whether under the guise of assessing grapes, the collector is authorized to take duty upon saw dust. I do not think he is. It is true that the courts should not legislate, but if a construction consistent with common sense can be arrived at it is the duty of the court so to construe the act in question. I agree with the con-

clusion reached by the board of general appraisers, and, mainly, in the reasoning with which they sustain their conclusion. The decision of the board of general appraisers is affirmed.